PER CURIAM.
Inez EL Silvera seeks a writ of mandamus, alleging that the trial court has unreasonably delayed in ruling on her Florida Rule of Criminal Procedure 3.800(a) motion to correct sentence filed December 19, 2005. On February 28, 2006, the circuit court entered an order holding the rule 3.800(a) motion in abeyance. The circuit court found that it lacked jurisdiction because Silvera filed a notice of appeal from an order denying a previous 3.800(a) motion for jail credit and the appeal is still pending.
If the present rule 3.800(a) motion raised the same jail credit issue that was raised in the previous 3.800(a) motion, then the trial court was correct in not ruling on it. Cf. Tellas v. State, 811 So.2d 756 (Fla. 1st DCA 2002) (holding that it was error to deny rule 3.850 motion as successive while appeal from previous 3.850 motion was pending; instead, trial court should have dismissed present motion raising the same claim pending on review for lack of jurisdiction). On the record available to us, we cannot tell. However, this Court affirmed the order denying Silvera’s previous rule 3.800(a) motion on February 28, 2006, the same day that the circuit court entered the order holding the present rule 3.800(a) motion in abeyance. Therefore, w$ deny the instant petition for writ of mandamus without prejudice to refile in sixty days if the most recent rule 3.800(a) motion is not ruled on within that time.
PETITION DENIED.
SHARP, W„ ORFINGER and MONACO, JJ., concur.